### W. B. Wilsey v. Amanda Ellis.

1. WILLS—*Testamentary Capacity.*—In this case, a testator eighty years of age, able to talk rationally, is held to be possessed of the necessary mental capacity to execute a will.

**Probate of Will.**—Appeal from the Circuit Court of Pike County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded, with directions. Opinion filed June 12, 1900.

W. E. WILLIAMS, attorney for appellant.

MATTHEWS & GRIGSBY, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellant and D. L. Benn presented their petition in the County Court of Pike County, in which, among other things, they set up that R. A. McClintock, late of that county, died on January 21, 1899, leaving a last will and testament in writing, subscribed by him and witnessed

according to the statute, in which he disposed of all his property and named petitioners as executors thereof. A copy of the proposed will and attesting clause and names of the two subscribing witnesses was attached to the petition. The prayer of the petition was that the court declare the writing to be the will of the deceased and order letters testamentary issued to the petitioners. Upon a hearing of the petition the County Court refused to admit the writing to probate as the will of the deceased, and the petitioners took an appeal to the Circuit Court, where a hearing was had, in which Amanda Ellis, a daughter of the deceased, to whom nothing was given by the writing, appeared and objected to the writing being probated as the will of her father, because he lacked testamentary capacity when it was executed.

The Circuit Court found for the objector, and entered an order refusing to admit the writing to probate and record as such will. Appellant prosecutes an appeal to this court to reverse the finding and order of the Circuit Court as being against the evidence.

The evidence shows that R. A. McClintock was eighty years old, paralyzed on one side, and otherwise sick and confined to his bed, when the writing in question was made and signed by him on January 15, 1899. The evening before, he sent for W. L. Coley, an attorney at law, who came the next morning, and in the presence of the attending physician, Dr. R. O. Smith, wrote up the proposed will by the express directions of the deceased, who at the time told him where to get paper upon which to write the will, gave him the correct descriptions of his land, and the number of his grandchildren to whom he wished his property willed, except in giving the name of one of his deceased daughters and that of one of his grandchildren, he made some slight mistake.

The attorney who wrote the proposed will was one of the subscribing witnesses thereto, and at the hearing testified that he knew the deceased well and talked considerably with him when he wrote the proposed will, and believed the

deceased was then of sufficient sound mind and memory to make his will.

Dr. R. O. Smith, the other subscribing witness, testified that he was present when the proposed will was written and signed, and from all he then saw and heard, the deceased seemed to be of sound mind and memory, capable of remembering his property, his grandchildren, and to transact business rationally, but from what he knew of his being flighty, both before and after that time, and physically feeble, he would be compelled to say he was of the opinion that deceased was not able to make a will and was not of sound mind.

The following named persons, Andrew Adams, W. H. Posten, Frank Ator, Elmer Ator and J. S. Wolfork testified that they were each well acquainted with the deceased in his lifetime; were to see him on the day he made the proposed will; talked with him at considerable length; and all were of opinion that he then talked rationally and was of sound mind and memory. The deceased died on January 21, 1899.

After carefully considering all the evidence, we have concluded that it sufficiently shows that R. A. McClintock possessed the necessary mental capacity when he executed the proposed will to entitle it to probate and record as his last will and testament, and the Circuit Court erred in finding otherwise and refusing to admit same to probate and record; for which reason we reverse its order and remand the case, with directions to admit the writing to probate and record in accordance with the prayer of the petition.

Reversed and remanded with directions.